UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>    Plaintiff(s),<br><br>    v.<br><br>SHARON CAROLLO,<br><br>    Defendant(s).<br>_____/ | No. C-13-135 DMR<br>No. C-13-137 DMR<br><br>**ORDER DENYING IFP APPLICATIONS AND REMANDING CASES TO CONTRA COSTA COUNTY SUPERIOR COURT** |

    Defendant Sharon Carollo removed these cases pursuant to 28 U.S.C. § 1331 from Contra Costa County Superior Court, where they were pending as complaints for unlawful detainer against her. The Notices of Removal state one ground for removal: that the respective complaints present federal questions such that the cases could have originally been filed in this Court. (Notices of Removal ¶¶ 25, 29, 32.) Defendant has also filed applications to proceed *in forma pauperis* ("IFP").

    When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The parties filed consents to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). The court therefore may enter a final disposition in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1. For the reasons below, the court denies the IFP applications and orders that the cases be remanded to Contra Costa County Superior Court.

## I. IFP Applications

Having evaluated Defendant's financial affidavits, the court finds that she has not satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore denies the IFP applications. The court next turns to the issue of subject matter jurisdiction.

## II. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id.* at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831.

According to Defendant's Notices of Removal, federal questions arise because these cases involve the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201 *et seq.*, and the Fair Debt Collections Act, 15 U.S.C. § 1692 *et seq.* (Notices of Removal ¶¶ 25, 20, 32.) The complaints that Plaintiff filed in Contra Costa County Superior Court, however, simply allege state causes of action for unlawful detainer.[1] (Compls.) Whatever Defendant intends to argue in response to these allegations does not give rise to removal jurisdiction. *Calvena Mgmt., Inc. v. White*, No. 12-5763 NC, 2012 WL 6218199, at *2 (N.D. Cal. Dec. 13, 2012)

---

[1] The facts in these cases are closely tied to those in *Carollo v. Vericrest Financial, Inc.*, No. 11-4767 YGR, 2012 WL 4343816 (N.D. Cal. Sept. 21, 2012) (dismissing Plaintiff Carollo's foreclosure-related claims concerning the same real property against, *inter alia*, Defendant Bank of New York Mellon on basis of res judicata).

(holding that affirmative defenses based upon Protecting Tenants at Foreclosure Act of 2009 do not confer federal jurisdiction upon state unlawful detainer claim); *Fed. Home Loan Mortg. Corp. v. Pinzon*, No. 12-3450 NC, 012 WL 3527232, at *2 (N.D. Cal. July 12, 2012) (holding that affirmative defenses based upon Fair Housing Act do not confer federal jurisdiction upon state unlawful detainer claim); *Fed. Nat'l Mortg. Ass'n v. Gonzalez*, No. 11-2385, 2011 WL 4101317, at *1 (E.D. Cal. Sept. 13, 2011) (holding that affirmative defenses based upon Fair Debt Collections Act do not confer federal jurisdiction upon state unlawful detainer claim).

### III.  Conclusion

For the reasons above, the court denies Defendant's IFP applications and remands both of these cases to the Contra Costa County Superior Court.

IT IS SO ORDERED.

Dated:  January 25, 2013



_____
DONNA M. RYU
United States Magistrate Judge

3